THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT JOSEPH STILLWAGON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV 19-352-R |
| | ) |
| JIMMY MARTIN, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Petitioner, a state inmate appearing through counsel, filed this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) the matter was referred to United States Magistrate Judge Gary M. Purcell for preliminary review. On April 20, 2010, Judge Purcell issued a Report and Recommendation wherein he recommended that the petition be denied. The matter is currently before the Court on Petitioner's timely objection to the Report and Recommendation, which gives rise to this Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Petitioner makes specific objection. Having conducted this *de novo* review, the Court finds as follows.

Following a jury trial, Petitioner was convicted of five counts of lewd acts with a child under 16 and one count of attempted rape in the District Court of Oklahoma County. (Doc. No. 1). On April 25, 2016, the court sentenced him to four years on each of the five counts of lewd acts with a child and five years on the single count of attempted rape, to run consecutively. He appealed his conviction to the Oklahoma Court of Criminal Appeals,

which affirmed on January 18, 2018. (Doc. No. 1). Petitioner, who did not seek post-conviction relief via state court, now seeks § 2254 relief raising four of the five grounds raised on direct appeal: (1) the evidence introduced at trial was insufficient to convict; (2) prosecutorial misconduct; (3) ineffective assistance of counsel; and (4) cumulative error.

In its brief before Judge Purcell, the State argued that the Court should not consider the merits of Petitioner's sufficiency of the evidence claim because on direct appeal the Oklahoma Court of Criminal Appeals concluded the claim was waived as a result of deficiencies in Mr. Stillwagon's appellate brief. Judge Purcell, after noting that the Oklahoma Court of Criminal Appeals had alternatively addressed the merits of the claim, recommended denial of the claim on the merits, concluding that the Oklahoma Court of Criminal Appeals' application of *Jackson v. Virginia*, 443 U. S. 307 (1979), was not contrary to or an unreasonable application of clearly established federal law, nor was it an unreasonable determination of the facts in light of the evidence.

Under *Jackson*, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. at 319 (citation omitted).

> "Jackson claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference." *Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (per curiam).
> First, on direct appeal, "it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." And second, on habeas review, "a federal court may

> not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'"
>
> *Id.* (internal citations omitted) (quoting *Cavazos v. Smith*, 565 U.S. 1, 2 (2011)); *see also id*. at 656 ("[T]he only question under Jackson is whether [the jury's] finding was so insupportable as to fall below the threshold of bare rationality."); *Grubbs v. Hannigan*, 982 F.2d 1483, 1487 (10th Cir. 1993) (noting that *Jackson* "standard requires [reviewing court] to accept the jury's resolution of the evidence as long as it is within the bounds of reason"). In applying the *Jackson* standard on federal habeas review, the Court looks to state law to determine the substantive elements of the crime. *Johnson*, 566 U.S. at 655. "[B]ut the minimum amount of evidence that the Due Process Clause requires to prove the offense is purely a matter of federal law." *Id.*

*Morrison v. Pettigrew*, No. 17-CV-0088-JED-FHM, 2020 WL 2104936, at *12–13 (N.D. Okla. May 1, 2020). The Oklahoma Court of Criminal Appeals' decision on direct appeal included the following:

> Despite Appellant's waiver of this issue, we nonetheless alternatively find Appellant's claims fail when reviewed on the merits. Taken in the light most favorable to the State, sufficient evidence was presented at trial to allow any rational trier of fact to find Appellant guilty of the crimes of Indecent or Lewd Acts with a Claim Under the Age of Sixteen and Attempted Rape. *See Davis v. State*, 2011 OK CR 29, ¶ 74, 268 P.3d 86, 111 (providing the standard of review for a sufficiency of the evidence claim). Moreover, contrary to Appellant's assertions, DB1 and DB2's testimony was neither incredible nor inherently improbable and thus corroboration of their testimony was not required. *Jones v. State*, 1988 OK CR 281, 765 P.2d 800, 802 ("A conviction may be sustained upon the uncorroborated testimony of the victim unless such testimony appears incredible or so unsubstantial as to make it unworthy of belief."). Proposition I is denied.

*Stillwagon v. State*, F-2016-349 at pp. 3-4 (Okla. Crim. App. Jan. 18, 2018)(Doc. No. 11-1). Petitioner's challenge herein is largely premised on the alleged inconsistencies and

allegedly incredible testimony of the victims, DB1 and DB2.[1] Although this is Petitioner's stance, it is clearly contested by the State. Petitioner is correct that D.B. and De. B., referenced as DB1 and DB2 by the Oklahoma Court of Criminal Appeals first informed their mother of the alleged sexual abuse at a time when they were in trouble, but the jury was made aware of this fact and could use the information in assessing the girls' credibility.

To the extent Petitioner argued that the testimony of DB1 or DB2 required corroboration, his claim lacks constitutional underpinnings. "No direct Supreme Court precedent requires corroboration of child witness testimony." *Parker v. Scott*, 394 F.3d 1302, 1314 (10th Cir.2005). Furthermore, a federal habeas court's review under *Jackson* is "sharply limited, and a court faced with a record of historical facts that supports conflicting inferences must presume -- even if it does not affirmatively appear in the record -- that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Turrentine v. Mullin*, 390 F.3d 1181, 1197 (10th Cir. 2004) (quotation marks and alterations omitted). *See also Messer v. Roberts*, 74 F.3d 1009, 1013 (10th Cir. 1996) (in reviewing the sufficiency of the evidence, the federal habeas court "may not weigh conflicting evidence nor consider the credibility of witnesses," but must " 'accept the jury's resolution of the evidence as long as it is within the bounds of reason.'") (quoting *Grubbs v. Hannigan*, 982 F.2d 1483, 1487 (10th Cir. 1993)). Like here, Parker was convicted of child sexual abuse and argued the child victim's testimony was "so inconsistent that, absent

---

[1] Petitioner argues in part, "It is uncontested that all three minor complaining witnesses contrived their allegations when they were "in trouble" with their parents; not when it allegedly occurred." (Doc.No. 21 at p . 3). The Court disagrees that this issue is uncontested given that "contrived" implies that the allegations of lewd behavior by Petitioner were fabricated by the complaining witnesses, Do.B., De.B. and C.B. Clearly the State does not agree their allegations were fabricated.

corroboration, it denied him due process." *Parker,* 394 F.3d at 1314. The Tenth Circuit reviewed *Parker's* habeas claim under the sufficiency of the evidence standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

> Under *Jackson*, to determine whether the child's testimony was sufficient to convict Parker, we must decide "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. at 319, 99 S.Ct. 2781. "This ... standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id*.

*Parker*, 394 F.3d at 1314.

At trial, the State had to prove beyond a reasonable doubt as to Counts 3 through 7 that Petitioner knowingly and intentionally looked upon and touched the body and private parts of a child under age sixteen in a lewd or lascivious manner, and that Mr. Stillwagon was more than three years older than the child. *See* Instruction No. 4-129, OUJI-CR. As to Count 8, attempted first degree rape, the State was required to prove that Mr. Stillwagon formed the specific intent to commit first degree rape and that he performed a perpetrating act or acts toward committing the crime, but was prevented from doing so. *See* Instruction No. 2-11, OUJI-CR. First degree rape under Oklahoma law requires proof of sexual intercourse with a person who is not the spouse of the defendant, where the defendant was over the age of eighteen and the victim under the age of fourteen.[2] See Instruction No. 4-120, OUJI-CR. This Court has carefully reviewed the trial record. Petitioner's objection to

---

[2] There are other ways in which a person may commit the crime of rape in the first degree under Oklahoma law, only this particular provision applied to Count 8.

the Report and Recommendation is devoted to challenging the factual inconsistencies in the testimony. He further places substantial weight on the fact that the jury acquitted Petitioner of the charges involving C.B. and that the jury sent a note to the trial judge inquiring about what happens if the jurors were unable to agree on each count. None of the arguments raised by Petitioner, however, is sufficient to meet his high burden under *Jackson*. Rather, he calls upon the Court to re-evaluate the credibility of the witnesses and then re-weigh all of the evidence, which, as set forth above, is not the role of this Court on habeas. Viewing the evidence presented at trial in the light most favorable to the prosecution and giving proper deference to the jury's finding of guilt and the OCCA's rejection of Petitioner's sufficiency challenge on direct appeal, the Court finds that the jury's verdict was well within the bounds of reason and that the OCCA's decision regarding the sufficiency of the evidence was objectively reasonable. As a result, § 2254(d) bars relief, and the petition is denied as to Mr. Stillwagon's first ground for relief.[3] !

In Ground Two of the Petition Mr. Stillwagon argues that the prosecutorial misconduct deprived him of a fundamentally fair trial. Petitioner specifically complains that the prosecutor, during closing argument, improperly attacked defense counsel's credibility and that she vouched for the truthfulness of the State's witnesses. Finally, he contends that the prosecutor appealed to the jury's emotions and passions by asking certain questions of the witnesses, including whether they missed Mr. Stillwagon and whether they still loved him.

---

[3] The Court disagrees with the Report and Recommendation to the extent Judge Purcell concluded that "the allegation that Petitioner touched Do.B's buttocks was inherent in her testimony." (Doc.No. 20, p. 20). This disagreement provides no basis for rejecting the conclusions set forth in the Report and Recommendation.

The OCCA noted that it reviewed Petitioner's prosecutorial misconduct claims under a plain error standard, because Petitioner did not object to the alleged misconduct at trial. The Oklahoma Court of Criminal Appeals concluded that the prosecutorial misconduct claim lacked merit as Petitioner failed to establish that the "alleged misconduct, individually or cumulatively, deprived him of a fair trial or sentencing." *State v. Stillwagon*, F-2016-349 (Okla. Crim. App. January 18, 2018)(Doc. No. 11-1, p. 7).

> "In a habeas corpus action, claims of prosecutorial misconduct are reviewed only for a violation of due process." *Malicoat v. Mullin*, 426 F.3d 1241, 1255 (10th Cir. 2005), *cert. denied*, 547 U.S. 1181, 126 S.Ct. 2356, 165 L.Ed.2d 283 (2006); *see Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986). To warrant habeas relief, [Petitioner] "must establish that the prosecutor's conduct or remarks 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Malicoat*, 426 F.3d at 1255 (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 642, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974)). Under AEDPA, he also must show the state court's rejection of his prosecutorial misconduct claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement." *Parker v. Matthews*, 567 U.S. 37, 47, 132 S.Ct. 2148, 183 L.Ed.2d 32 (2012) (quotations omitted).

*Gray v. Whitten*, No. 20-7011, 2020 WL 2464856, at *4 (10th Cir. May 13, 2020). Petitioner first asserts that during closing argument the prosecutor attacked defense counsel's credibility. In the State's rebuttal argument during closing, the prosecutor argued that she was "astonished at something that he [defense counsel] asked you to do, to compare Robert Stillwagon, a grown adult, how he reacted on the witness stand, to how [the twins] and C.B. reacted on the witness stand." (Tr. Vol. III, p. 547).[4]

---

[4] Petitioner also cites to page 550 of the trial transcript as containing argument by the State that criticized defense counsel for impeaching the complaining witnesses, who were minors. The citation to an entire page of testimony provides the Court with little guidance as to Petitioner's actual argument. The Court presumes Petitioner believes the following argument constituted prosecutorial misconduct:

7

> "Attacks on defense counsel can at times constitute prosecutorial misconduct." *Wilson* [*v. Simmons*], 536 F.3d [1064]at 1119 [10th Cir. 2008]. In a criminal trial, "[t]he prosecutor is expected to refrain from impugning, directly or through implication, the integrity or institutional role of defense counsel." *Id.* (quoting *United States v. Bennett*, 75 F.3d 40, 46 (1st Cir. 1996)). On the other hand, "it is not improper for a prosecutor to direct the jury's attention to evidence that tends to enhance or diminish a witness's credibility." *Thornburg v. Mullin*, 422 F.3d 1113, 1132 (10th Cir. 2005).

*United States v. Christy*, 916 F.3d 814, 838 (10th Cir. 2019). The Court does not interpret the quoted language as challenging counsel's credibility or impugning his integrity; the prosecution indicated that she was dismayed that counsel would compare the reaction of an adult to that of a child. She did not assert that trial counsel had lied in any respect or otherwise challenge his credibility. There is no suggestion that defense counsel was untruthful. Petitioner has not established that the prosecutor's comments so infected the trial with unfairness so as to violate his due process rights.

Petitioner also contends that the prosecuting attorney improperly vouched for the credibility of the complaining witness minors. "[I]t is unprofessional conduct for the prosecutor to express his or her personal belief or opinion as to the truth or falsity of any testimony or evidence or the guilt of the defendant." *United States v. Young,* 470 U.S. 1, 8, (1985) (quoting ABA Standards for Criminal Justice 3–5.8(b) (2d ed.1980)). Impermissible vouching occurs when "the jury could reasonably believe that the prosecutor is indicating a personal belief in the witness' credibility, either through explicit personal

---

When he asked them [the complaining witnesses] questions about when it happened and he got up here and said, you know, they couldn't tell you when it happened, they didn't know that, didn't know, you know, there was something about a bathroom. There had never been a bathroom before. There were issues with regards to where.

Transcript Vol. III, p. 550.

assurances of the witness' veracity or by implicitly indicating that information not presented to the jury supports the witness' testimony." *United States v. Harlow,* 444 F.3d 1255, 1262 (10th Cir.2006) (quoting *United States v. Bowie,* 892 F.2d 1494, 1498 (10th Cir.1990)).

> "Improper vouching for witnesses is not considered to impact an express constitutional right." *United States v. Harlow*, 444 F.3d 1255, 1266 (10th Cir. 2006) (citation omitted). And, the Supreme Court has never held that witness "vouching testimony itself violates the Due Process Clause." *Parker v. Scott*, 394 F.3d 1302, 1310 (10th Cir. 2005); *see also Simpson v. Duckworth*, No. CIV-11-96-M, 2016 WL 3029966, at *20 (W.D. Okla. May 25, 2016) (unpublished district court order) (citing cases noting the absence of any Supreme Court authority holding that vouching alone violates due process). However, the Tenth Circuit Court of Appeals has recognized that vouching can compromise the fairness of the proceedings and implicate the Fourteenth Amendment's Due Process Clause, but only if it renders the trial fundamentally unfair. *See Parker*, 394 F.3d at 1310.

*Nazario v. Allbaugh*, No. CIV-16-1243-HE, 2018 WL 1751019, at *3 (W.D. Okla. Feb. 13, 2018), *report and recommendation adopted,* 2018 WL 750744 (W.D. Okla. Apr. 11, 2018), *aff'd,* 761 F. App'x 858 (10th Cir. 2019).

> [The OCCA applied a "plain error" standard to this claim. Notably, "Oklahoma's formulation of the plain-error standard is virtually identical to the constitutional test for due process." *Hancock v. Trammell*, 798 F.3d 1002, 1011 (10th Cir. 2015). So when the OCCA "rejected [Petitioner's] claim under the plain-error standard, the decision effectively disallowed the possibility of a due process violation." *Id.* This Court must then defer to the OCCA's ruling unless it "'unreasonably applied'" the due process test. *Thornburg v. Mullin*, 422 F.3d 1113, 1125 (10th Cir. 2005) (internal brackets and citation omitted); *see also Eizember v. Trammell*, 803 F.3d 1129, 1138 n.1 (10th Cir. 2015) (holding the court would apply deference to the OCCA's plain error analysis).

*Id.*

In the objection to the Report and Recommendation Petitioner complains:

9

> The Magistrate characterized this argument by the State as 'no more than discuss[ing] the minor witnesses' credibility,' which is essentially improper vouching as asserted by Petitioner.

(Doc. No. 21, p. 10). [5] The Court disagrees. "[A] prosecutor's discussion of a witness's credibility is not per se vouching." *Hanson v. Sherrod,* 797 F.3d 810, 837–38 (10th Cir. 2015)(citing *Hanson I,* 72 P.3d at 50 n. 28).[6] Because Petitioner merely contends in his objection that discussing credibility is tantamount to vouching, which is not the state of law, the Court finds no basis in his objection for rejecting the Report and Recommendation.

Petitioner's final assertion of prosecutorial misconduct is that the prosecutor appealed to the jury's emotions and passions via the questioning of certain witnesses.[7] "It is a hallmark of a fair and civilized justice system that verdicts be based on reason, not emotion, revenge, or even sympathy." *Le v. Mullin,* 311 F.3d 1002, 1015 (10th Cir. 2002). Petitioner does not complain about comments allegedly made by the prosecutor in closing argument, but rather about inquiries made to witnesses on direct and redirect examination. This Court has noted that relevant facts are not barred from trial "merely because they also evince sympathy for the victim of a crime." *Bowens v. Allbaugh,* No. CIV-17-61-R, 2018 WL 7458567 (W.D. Okla. July 11, 2018). The Tenth Circuit agrees. See *Hooper v. Mullin*,

---

[5] Large portions of the objection to the Report and Recommendation merely reuse the arguments used in Petitioner's Brief in Support followed by a single paragraph attacking the conclusion of the Magistrate Judge.

[6] Furthermore, the argument about which Petitioner complains occurred during the State's rebuttal closing, in response to defense counsel's arguments. A prosecutor's statements made in response to comments of defense counsel are given more latitude, such standard does not apply here. *United States v. Janus Indus.,* 48 F.3d 1548, 1558 (10th Cir.1995) (considerable latitude given to prosecutor in closing argument where defense counsel "invites" argument).

[7] As noted above, Petitioner's objection to the Report and Recommendation as to this argument is merely reiteration of his opening brief with the addition of a single sentence, "As noted by the Magistrate, the Tenth Circuit has stated that it "does not condone prosecutorial remarks encouraging the jury to allow sympathy to influence its decision." (Doc. No. 21, p. 10)(citations omitted).

314 F.3d 1162, 1173 (10th Cir. 2002), (rejecting a claim of prosecutorial misconduct where "[t]he facts of the crime itself invoke[d] sympathy" even without the improper remarks). Respondent argued, and Judge Purcell agreed, that the testimony about which Petitioner complains went to the credibility of the witnesses. The undersigned concurs.

The Court finds the OCCA's application of the due-process standard was not objectively unreasonable and that its decision does not rest on an unreasonable determination of the facts. In light of the entire proceedings, the Court is not convinced that the challenged comments impaired the jury's ability "to fairly judge the evidence." *Bland v. Sirmons*, 459 F.3d 999, 1024 (10th Cir. 2006). As a result, the OCCA's rejection of Petitioner's prosecutorial misconduct claim was not objectively unreasonable, § 2254(d) bars habeas relief, and the Court denies the petition as to Ground Two.

In Ground Three of the Petition Mr. Stillwagon argues that his counsel at trial was constitutionally ineffective by failing to object to the instances of prosecutorial misconduct outlined above, by failing to sufficiently impeach the minor witnesses with the inconsistencies in their testimony, by making a bizarre and prejudicial closing argument, and the cumulative effect of these errors. The Oklahoma Court of Criminal Appeals rejected the claim on direct appeal. The Report and Recommendation recommends denial of habeas relief on Ground Three concluding that counsel did not perform deficiently with regard to the failure to object to alleged prosecutorial misconduct, because the prosecutorial actions about which Petitioner complains were not improper. With regard to counsel's failure to sufficiently impeach the minor victims, Judge Purcell concluded that trial counsel's failure was not deficient and that any alleged deficiencies did not prejudice Mr.

11

Stillwagon. Addressing defense counsel's closing argument, Judge Purcell concluded that the argument was reasonable in light of the obvious strategy of arguing that the victim's stories were implausible and that the allegations had been raised so the girls could avoid getting into trouble for their own unrelated transgressions.

The Sixth Amendment guarantees a defendant's right to the assistance of counsel in criminal proceedings. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). And "effective assistance" is necessary "to ensure a fair trial." *Id*. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id*. Under § 2254(d), habeas review of a *Strickland* claim that was adjudicated on the merits in state court is "doubly deferential." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). "When 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). And because "[t]he Strickland standard is a general one ... the range of reasonable applications is substantial," making it even more difficult for a habeas petitioner to show that the state court's application of Strickland was objectively unreasonable. *Id*. Petitioner's objection to the Report and Recommendation provides no basis from which the Court can conclude either that the analysis set forth by Magistrate Judge Purcell is erroneous or that the Oklahoma Court of Criminal Appeals' application of *Strickland* was objectively unreasonable. Accordingly, Petitioner is not entitled to relief on Ground Three of the § 2254 Petition.

In Ground Four, Petitioner asserts cumulative error mandates the overturning of his conviction. As demonstrated above, Petitioner's objections regarding the disposition of Grounds One through Three lack merit. There is thus no constitutional error to cumulate. *See Cuesta-Rodriguez v. Carpenter*, 916 F.3d 885, 915 (10th Cir. 2019 ("The cumulative-error analysis applies where there are two or more actual errors. It does not apply, however, to the cumulative effect of non-errors."(quoting *Smith v. Duckworth*, 824 F.3d 1233, 1255 (10th Cir. 2016))), *cert. denied*, 140 S. Ct. 844 (2020).

Based on the foregoing analysis, the Court concludes that no evidentiary hearing is necessary to resolve Petitioner's claims and that Petitioner has not shown that his current custody violates the Constitution. The Court therefore denies his petition for writ of habeas corpus. The Court further concludes that Petitioner has not made the showings necessary to obtain a certificate of appealability and the Court therefore declines to issue one. See 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*.

For the reasons set forth herein, the Report and Recommendation is ADOPTED and the Petition is DENIED.

**IT IS SO ORDERED** this 22nd day of September 2020.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE